IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TYSON J. SUGGS,

            Plaintiff,                   No. CIV S-10-3072 LKK KJN (TEMP) P

      vs.

ANTHONY HEDGPETH, et al.

            Defendants.           <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C. § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments shall be collected

1    and forwarded by the appropriate agency to the Clerk of the Court each time the amount in

2    plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

3            The court is required to screen complaints brought by prisoners seeking relief

4    against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

5    § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

6    claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

7    granted, or that seek monetary relief from a defendant who is immune from such relief.  28

8    U.S.C. § 1915A(b)(1),(2).

9            A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

11   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

12   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

13   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

14   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

15   Cir. 1989); Franklin, 745 F.2d at 1227.

16           In order to avoid dismissal for failure to state a claim a complaint must contain

17   more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements

18   of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other

19   words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

20   statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a

21   claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.

22   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

23   draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129

24   S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be

25   granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94

26   (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v.

2

1   Rhodes, 416 U.S. 232, 236 (1974).

2            The court finds the allegations in plaintiff's complaint so vague and conclusory

3   that it is unable to determine whether the current action is frivolous or fails to state a claim for

4   relief.  The court has determined that the complaint does not contain a plain statement as required

5   by Federal Rule of Civil Procedure 8(a)(2).  Although the Federal Rules adopt a flexible pleading

6   policy, a complaint must give fair notice and state the elements of the claim plainly and

7   succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff

8   must allege with at least some degree of particularity overt acts which defendants engaged in that

9   support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed.

10   R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file

11   an amended complaint.

12            If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

13   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

14   Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

15   how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

16   there is some affirmative link or connection between a defendant's actions and the claimed

17   deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

18   1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

19   allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

20   Regents, 673 F.2d 266, 268 (9th Cir. 1982).

21            In addition, plaintiff is informed that the court cannot refer to a prior pleading in

22   order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

23   complaint be complete in itself without reference to any prior pleading.  This requirement is

24   because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

25   Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

26   pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

3

1   original complaint, each claim and the involvement of each defendant must be sufficiently

2   alleged.

3             In accordance with the above, IT IS HEREBY ORDERED that:

4             1.  Plaintiff's request for leave to proceed in forma pauperis (docket no. 3) is

5   granted.

6             2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

7   The fee shall be collected and paid in accordance with this court's order to the Director of the

8   California Department of Corrections and Rehabilitation filed concurrently herewith.

9             3.  Plaintiff's complaint is dismissed.

10            4.  Plaintiff is granted thirty days from the date of service of this order to file an

11  amended complaint that complies with the requirements of the Civil Rights Act, the Federal

12  Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

13  docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file

14  an original and two copies of the amended complaint; failure to file an amended complaint in

15  accordance with this order will result in a recommendation that this action be dismissed.

16            5.  Plaintiff's second motion to proceed in forma pauperis (docket no. 7) is

17  duplicative and therefore moot.

18  DATED:  January 18, 2011

19

20                                          _Kendall J. Newman_

21                                          KENDALL J. NEWMAN
                                            UNITED STATES MAGISTRATE JUDGE

22  sugg3072.14a.new

23

24

25

26

4